O

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDGAR O. BATRES, | ) | Case No. CV 12-04262 DDP (PJWx) |
| | ) | LASC, Case No. BC482999 |
| Plaintiff, | ) | **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |
| v. | ) | |
| | ) | [Docket No. 8] |
| NEW HAMPSHIRE BALL BEARINGS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

    Presently before the court is Plaintiff's Motion to Remand Action to State Court ("Motion"). Having reviewed the parties' moving papers, the court grants the Motion and adopts the following Order.

    Plaintiff originally filed his Complaint in state court on April 27, 2012, alleging various state law wage-and-hour claims. Defendant removed the action to this court on May 16, 2012, on the basis of diversity jurisdiction. Plaintiff then filed this Motion on June 14, 2012, arguing that the court lacks federal subject matter jurisdiction. Among other things, Plaintiff contends that there is no diversity jurisdiction because both Plaintiff and

Defendant are citizens of California.

A defendant who seeks to remove a case from state to federal court has the burden of establishing federal subject matter jurisdiction. <u>Wilson v. Republic Iron & Steel Co.</u>, 257 U.S. 92, 97 (1921). Courts also "strictly construe the removal statute against removal jurisdiction." <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992). Pursuant to 28 U.S.C. § 1441(a), an action brought in state court may be removed to federal court if the civil action is one "of which the district courts of the United States have original jurisdiction." Section 1332 provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship is required, meaning each of the plaintiffs must be a citizen of a different state than each of the defendants. <u>Caterpillar Inc. v. Lewis</u>, 519 U.S. 61, 68 (1996). For diversity purposes, a corporation is a citizen of both the state where it is incorporated and the state where it maintains its principal place of business. <u>See</u> <u>Hertz Corp. v. Friend</u>, 130 S. Ct. 1181, 1190-92 (2010). A corporation's principal place of business is where its "officers direct, control, and coordinate the corporation's activities," and is usually "where the corporation maintains its headquarters." <u>Id.</u> at 1192.

The court finds that Defendant has not met its burden of establishing subject matter jurisdiction. As Plaintiff explains, Defendant's company website unambiguously states that Defendant's corporate headquarters is located in Chatsworth, California. (Mot.

2

at 9-10.) Further, Defendant concedes that both its "President and Vice President of Finance are located in California." (Opp'n to Mot. at 4.) Accordingly, the preponderance of the evidence before this court is that Defendant's principal place of business is in California. Therefore, there is no complete diversity of citizenship.

    For all of these reasons, the court hereby GRANTS Plaintiff's Motion and REMANDS the entire matter to state court.

IT IS SO ORDERED.

Dated: August 7, 2012

                                          DEAN D. PREGERSON
                                    United States District Judge